```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
NICHOLAS OLIVA and CYNTHIA OLIVA

                         Plaintiff,              11-CV-06189

              v.
                                            DECISION AND ORDER
THE TOWN OF GREECE, TOWN OF GREECE
POLICE DEPT., MERRITT RAHN,
JOHN AUBERGER, and BRIAN BALL

                         Defendant.
_____
```

## INTRODUCTION

Plaintiffs, Nicholas and Cynthia Oliva ("Plaintiffs"), bring this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants, the Town of Greece, the Town of Greece Police Department, and Merritt Rahn, John Auberger and Brian Ball, in their individual capacities (collectively, "Defendants"), violated their due process right to access to the courts to pursue claims relating to a fatal motor vehicle accident in which Plaintiffs' daughter, Stephanie Oliva, was killed. Defendants now move to dismiss Plaintiffs' complaint. For the reasons set forth herein, this Court grants Defendants' motion to dismiss. Plaintiffs' complaint is hereby dismissed without prejudice.

## BACKGROUND

The following facts are taken from the complaint. (Docket No. 1.) On November 4, 2005, Plaintiffs' daughter, Stephanie Oliva was killed after being partially ejected from a vehicle operated by

Chad Kenyon, which collided with a vehicle operated by Anthony DeCarlis in the Town of Greece. An open bottle of alcohol was found in the vehicle in which Stephanie was a passenger. An EMT responding to the scene of the accident informed a responding Town of Greece police officer, Kevin O'Keefe, that Kenyon's breath smelled of alcohol and that Kenyon admitted to drinking over ten beers.  Plaintiffs also allege that Officer O'Keefe noticed that Kenyon had watery, bloodshot eyes and slurred speech.  However, a blood test taken using a DWI kit by O'Keefe was allegedly never verified by the police department with the sample taken at Strong Memorial Hospital after the accident, which was negative for alcohol, but positive for THC.

A bag of marijuana was found on the person of the other driver, DeCarlis, while he was receiving treatment at the hospital. The suspected marijuana was initially secured by the police department, but later destroyed.  Kenyon was initially arrested by O'Keefe for driving while intoxicated, but charges were allegedly never filed. DeCarlis was not charged with a crime and his possession of marijuana was allegedly not investigated by the police department.

Plaintiffs allege that the Town of Greece failed to properly investigate the accident by (1) failing to interview paramedics and hospital personnel; (2) failing to inspect the impounded vehicles; (3) failing to take statements from the drivers or other vehicle

occupants; and (4) failing to investigate the possession of alcohol by the passengers and drivers of the vehicles or their pre-accident activities.  Further, the Plaintiffs allege that Sergeant Brian Ball, a certified accident reconstructionist who conducted an investigation of the accident (1) failed to take appropriate measurements and photographs of the scene; (2) made intentionally false statements regarding contact with the Monroe County District Attorney's Office with respect to the accident resulting in the premature closing of the investigation; (3) falsely publicly stated that the accident did not involve drugs or alcohol; (4) failed to properly take the toxicology report from the medical examiner into account in his investigation; and (5) falsely informed the Plaintiffs that there was no evidence of drug or alcohol use.  Ball allegedly made statements regarding the lack of evidence of alcohol or drug use without waiting for the results of the toxicology report - which was ultimately destroyed by the Town of Greece.

Ball later charged Kenyon with the "failure to yield the right of way" and "driving out of class," but the charges were later dismissed. Plaintiffs allege that Ball "appeared in Greece Town Court unprepared, and knowingly failed to secure necessary evidence which would have supported the pending charges."

A later collision reconstruction report completed in 2009 stated that the inadequate or inaccurate information collected by Ball during the investigation precluded a full accident

reconstruction. However, the report also concluded that based on the available evidence of Kenyon's intoxication, he could have been charged with vehicular manslaughter or involuntary manslaughter. Plaintiffs later requested copies of the police report, but the copies provided had been intentionally altered by removing a lab report and redacting the information regarding the marijuana found on DeCarlis's person.

Then, in July 2009, the Town of Greece conducted an internal study of the Town of Greece Police Department, which resulted in the public release of a report by the Director of Public Safety, Joseph F. Loszynski in July 2010 (the "Loszynski Report"). Plaintiffs allege that the report states that the Town of Greece Police Department (1) failed to properly investigate a fatal motor vehicle accident, resulting in preventing a manslaughter prosecution of the operator, and (2) intentionally misrepresented the facts of a particular incident by submitting false affidavits in connection with a civil lawsuit. Plaintiffs allege that these two findings relate to the accident in which Stephanie Oliva was killed and a later civil lawsuit brought by her father. Plaintiffs do not state the nature of this lawsuit or the outcome.

Plaintiffs also allege that the report concludes "neither the patrol nor criminal division had a clear understanding as to what cases required investigation and control by the criminal division" and that the police department "consistently failed to conduct in-

depth probes and investigations of allegations that warranted an unbiased and independent assessment of the facts." Further, the report "concluded that 'the so-called internal affairs function of [the Town of Greece Police Department] was so dysfunctional, inadequate and corrupted...that no reasonable person could even expect that [it] has a process that deterred misconduct or investigated misconduct without prejudice and put the interest of the public first." Based on these factual allegations, the Plaintiffs allege that the Town of Greece had a policy or custom which encouraged police officers to inadequately conduct criminal investigations, which led to the alleged constitutional violation.

Further, Plaintiffs allege that "due to either conspiracy...or fraud" they were "precluded from the discovery of the harm," as "Defendants took tangible steps...to conceal the nature of their activities related to the investigation." They state that the public release of the Loszynski Report in July 2010 was the first time they became aware of the inadequacies of the investigation, the failure to disclose information relating to drug and alcohol use, and other allegedly fraudulent activity relating to the investigation.

## **DISCUSSION**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The

pleading must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

To state a claim for a denial of access to the courts based on an underlying claim that, due to official state action, cannot now

be tried or cannot be tried to an adequate conclusion (such as an adequate settlement or reward of damages), a plaintiff must identify the underlying cause of action, as well as the remedy which is now otherwise unavailable due to the alleged official actions which hindered the litigation. See Christopher v. Harbury, 536 U.S. 403 (2002). Further, "the complaint should state the underlying claim in accordance with [Rule 8] just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417.

Here, Plaintiffs allege that they "have been deprived of their full ability to prove the extent of their damages including their entitlement to punitive damages in a civil action against the drivers of the vehicles." Plaintiff, however, does not identify any cause of action she seeks to pursue against the drivers or that she previously sought to an inadequate conclusion. The Court is left to guess, as the Defendants have, what cause of action underlies the instant access to the courts claim. The complaint, therefore, does not satisfy the notice pleading standard which requires that the plaintiff give the defendant fair notice of the nature of her claim. Swierkiewicz, 534 U.S. at 513-515. In the absence of such allegations, the Defendants surmised that the plaintiffs sought to bring a wrongful death lawsuit, and they moved to dismiss the complaint based on the lack of standing. Def. Mem.

of Law at 7.  In response, apparently conceding that they lacked standing to bring a wrongful death action, the Plaintiffs filed an affirmation stating that the Defendants wrongfully assumed that the underlying cause of action was for wrongful death.  Rather, they sought to bring a survivors' action for the conscious pain and suffering of Stephanie Oliva.  Pl. Affirmation in Response to Def. Motion to Dismiss at ¶15. However, such an allegation is not included in the complaint, nor are allegations relating to the conscious pain and suffering of Stephanie Oliva.  This exchange between the parties underscores the fact that the Plaintiffs have failed to give the Defendants fair notice of the nature of their access claim.  Plaintiffs have also not sought leave to amend the complaint to include such allegations.  Accordingly, Plaintiffs' Complaint is dismissed without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

          s/ Michael A. Telesca
          MICHAEL A. TELESCA
          United States District Judge

Dated:   Rochester, New York
        January 26, 2012